[Cite as *State v. Graham*, 2014-Ohio-5174.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

GINGER M. GRAHAM

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. .
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 14 CA 10


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Cambridge Municipal Court, Case No. 14 CRB 104 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 19, 2014 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MICHAEL G. GROH<br>ASSISTANT LAW DIRECTOR<br>150 Highland Avenue, Suite 2<br>Cambridge, Ohio 43725 | CHANDRA L. ONTKO<br>665 Southgate Parkway<br>Cambridge, Ohio 43725 |

*Wise, J.*

{¶1} Defendant-Appellant appeals her conviction on one count of assault following a bench trial in the Cambridge Municipal Court.

{¶2} Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3} On January 30, 2014, Appellant Ginger M. Graham was charged with one count of assault, a violation of R.C. §2903.13(A), a first degree misdemeanor, following an incident which occurred on January 9, 2014.

{¶4} On May 14, 2014, the case proceeded to a trial before the court. At trial, the court heard testimony from a number of witnesses who were present when the incident happened.

{¶5} The first witness to testify was Amber Lyons, an independent witness who was in her car, stopped at a stop sign, when she observed a girl, Lindsey Graham, run out from the Frisbee Motel, approach the group of four girls (sisters Kennedy Hickman, Katelyn Hickman, Taylor Hickman and Lillian Graham), strike one of the girls (Katelyn Hickman) in the group, and then leave and run back toward the Frisbee Motel. (T. at 5, 10, 12, 16). She then saw a woman, later identified as Appellant Ginger Graham, (mother of Lindsey and Lillian Graham) come out from the Frisbee Motel, grab Taylor Hickman, throw her to the ground and begin hitting her in the face. (T. at 6-7, 10, 13, 17-18).

{¶6} Ms. Lyons testified that she pulled her car over, got out and approached the girls. (T. at 7). She testified that Katelyn's face was bleeding, and that she tried to stop the bleeding with some tissues she had in her car while she called 911. *Id.* Ms.

Lyons also testified that Taylor Hickman's face "was all cut up and it was really hard to see like where it was bleeding from because there was actually blood like, all over her face." (T. at 9).

**{¶7}** Ms. Lyons testified that she did not witness Taylor Hickman engage in any threatening or provoking behavior prior the incident with Appellant. (T. at 9, 18).

**{¶8}** She stated that during this time Appellant was yelling out the window at her and the girls, calling them "f**king bitches". (T. at 7-8). Ms. Lyons testified that she shouted back to Appellant "to come out and pick on someone her own size." (T. at 8).

**{¶9}** Ms. Lyons recalled that the police and the parents of the Hickman girls arrived and that the police separated everyone. *Id.*

**{¶10}** The trial court also heard from the three sisters Katelyn Hickman, Kennedy Hickman and Taylor Hickman.

**{¶11}** Katelyn Hickman testified that after the girls got off the school bus that day, Lindsey Graham "got in [her] sister's face and started hitting her…" (T. at 22). She stated that Appellant then came out and hit her sister Kennedy; her other sister Taylor intervened, and then Appellant "started attacking Taylor." (T. at 22-23). She stated that when Taylor attempted to help Kennedy up from the ground, Appellant grabbed her by the hair, pulled her to the ground and started hitting her. (T. at 23). She recalled that Appellant pulled her sister's hair, scratched her and hit her at least seven times. (T. at 26).

**{¶12}** Katelyn stated that as a result of Appellant's actions, Taylor suffered "cuts all over her face" and that "she had to go to the hospital and she, her head was hurting after it but and she was just really hurt." (T. at 24-25).

{¶13} Kennedy Hickman testified that after she and her sisters were walking down the street after getting off the bus on January 9th, Lindsey and Lily Graham were standing on the street and Lindsey Graham hit her. (T. at 30). She testified that Appellant then came over and got between her and Lindsey. *Id.* She stated that her sister Taylor approached them and tried to grab her to stop the fight and that it was then that Appellant "went at my sister Taylor and took her to the ground by her hair and assaulted her." *Id.* She stated that Appellant hit Taylor approximately four times and that Taylor "had scratches all over her face and she was bleeding on her neck." (T. at 30-31).

{¶14} Kennedy Hickman explained that the day before this incident she had gotten into a fight with Appellant's daughter Lily Graham. (T. at 31-32).

{¶15} Taylor Hickman testified to a similar version of events. She stated that after she and her sisters got off the bus that day, Lindsey Graham started screaming at her sister Katelyn and hit her. (T. at 36). She stated that Appellant then came running across the street, and she thought that Appellant hit her sister Katelyn so she had to pull her sister away from the fight. *Id.* She stated that it was then that Appellant grabbed her by the hair and pulled her to the ground. *Id.* She testified that Appellant's kids were yelling at her to stop because Taylor was a minor. *Id.* She next recalled that a woman, Amber Lyons, pulled over and helped her and that by that time, Appellant had walked back across the street. (T. at 36-37). She testified that Appellant hit her approximately four or five times, and that mostly Appellant scratched her face. (T. at 37). Taylor Hickman testified that she did nothing to provoke Appellant other than try to pull her sister away from the fight. (T. at 38).

{¶16} The trial court then heard testimony for the defense from sisters Lindsey and Lillian Graham, Appellant's sister Marsha Stein, and finally from Appellant Ginger Graham.

{¶17} Lindsey Graham testified that on the day in question, she and Lindsey Graham got in a fight when they were walking home after getting off of the bus. (T. at 42). She stated that her mom, Appellant, came across the street to break up the fight and Taylor Hickman hit her in the face and pulled her to the ground. (T. at 42-43). She stated that after the fight, she observed a small scratch on Taylor's face. *Id.*

{¶18} Lillian Graham testified that when they were walking home from the bus stop that day, Kennedy Hickman hit her sister Lindsey, and her sister hit Kennedy back. (T. at 48). She stated that her mother ran across the street to stop the fight and that Taylor grabbed her mother's hair and pulled her to ground, pulling her down on top of Taylor. (T. at 49). She testified that her mother's nail "went in her face." *Id.*

{¶19} Marsha Stein testified that she observed the events that transpired on January 9th. She testified that Lindsey Graham and Kennedy Hickman started fighting and that her sister, Appellant, went over and tried to break it up. (T. at 54). She stated that while Appellant was trying to separate Lindsey and Kennedy, Taylor "clocked [Appellant] in the side of the face and grabbed a handful of hair and wouldn't let go." *Id.* She further testified that Appellant fell on Kennedy. *Id.*

{¶20} Appellant testified that on the day in question she was waiting for her children to get off of the bus because of the fight the day before between her daughter Lily and Kennedy Hickman. (T. at 58). She stated that she saw her daughter Lindsey and Kennedy Hickman begin fighting, so she ran across the street and got between

them to break it up. (T. at 58-59). She stated that the girls began fighting again and she got punched by Taylor Hickman. (T. at 59). She testified that Taylor wrapped her hand around her hair and the two fell to the ground. *Id.* She testified that while she was trying to get her hair out of Taylor's hand, she broke a nail. (T. at 60). She stated that her broken nail must have scratched Taylor. *Id.* She denied hitting Taylor Hickman. (T. at 61).

{¶21} After hearing the above testimony, the trial court found Appellant guilty as charged.

{¶22} The trial court sentenced Appellant to thirty (30) days in the county jail, with twenty-eight (28) days suspended. The trial court also ordered that Appellant pay Two Hundred and Fifty Dollars ($250.00) in restorative justice to the victim, Taylor Hickman.

{¶23} Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENT OF ERROR</u>

{¶24} "I. THE TRIAL COURT'S FINDING OF THE DEFENDANT GUILTY OF ASSAULT WAS IMPROPER BASED ON UN-CREDIBLE, INSUFFICIENT EVIDENCE."

I.

{¶25} In her sole Assignment of Error, Appellant argues that her conviction was against the sufficiency of the evidence. We disagree.

{¶26} The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J.

concurring). The relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶27} In the instant case, Appellant was charged with one count of assault in violation of R.C. §2903.13(A), which provides "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."

{¶28} Appellant argues that the testimony of Amber Lyons was "un-credible and insufficient to support the court's finding of assault." (Appellant's Brief at 8). Appellant argues that from her vantage point, Ms. Lyons would not have been "able to see the entire fight", "how it started" or "exactly what happened."

{¶29} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260.

{¶30} Based upon the evidence presented as set forth in the testimony above, and the rule on credibility, we find sufficient evidence, if believed, to support the assault conviction beyond a reasonable doubt.

**{¶31}** Appellant's sole Assignment of Error is overruled.

**{¶32}** For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.


JWW/d 1106